Filed 7/3/13  P. v. Brennan CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JAMES THOMAS BRENNAN,<br><br>  Defendant and Appellant. | 2d Crim. No. B244380<br>(Super. Ct. No. BA394829)<br>(Super. Ct. No. BA399400)<br>(Los Angeles County)<br>MODIFICATION OF OPINION<br>[No Change in Judgment] |

THE COURT:

It is ordered that the opinion filed herein on June 25, 2012, be modified as follows:

On the last line of the last paragraph on page 2, after the words "he was" insert the word "not" so the sentence will then read:

On September 18, 2012, appellant appeared in court and argued that he was not given the opportunity to enter a drug treatment program.

No change in judgment.

NOT FOR PUBLICATION

Filed 6/25/13 (unmodified version)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B244380 |
| Plaintiff and Respondent, | (Super. Ct. No. BA394829) (Super. Ct. No. BA399400) |
| v. | (Los Angeles County) |
| JAMES THOMAS BRENNAN, | |
| Defendant and Appellant. | |

James Thomas Brennan appeals from a September 18, 2012 order revoking probation and sentencing him to concurrent three-year state prison terms in case numbers BA394829 and BA399400.

In Case No. BA394829 appellant pled to guilty possession for sale of cocaine base (Health & Saf. Code, § 11350, subd. (a)) and admitted suffering two prior strike convictions (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d))[1] and three prior prison term enhancements (§ 667.5, subd. (b)). Pursuant to an March 15, 2012 open plea agreement, appellant was conditionally released to enroll and complete a one-year residential drug treatment program at the Los Angeles Transition Center (LATC).

On April 18, 2012, the trial court issued a bench warrrant after it received a letter from LATC reporting that appellant was terminated from the program. The trial court recalled the bench warrant on April 20, 2012, and ordered appellant to return to LATC and complete the one-year residential program.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On July 19, 2012, appellant was held to answer in case number BA399400 after he was arrested on new charges of possession of cocaine base (Health & Saf. Code, § 11350, subd. (a).) On August 27, 2012, appellant entered a nolo contendre plea to possession of cocaine base, admitted suffering two prior strike convictions (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d))[2] and four prior prison term enhancements (§ 667.5, subd. (b)), and admitted that he was out on bail in case number BA394829 when he committed the offense (§ 12022.1).

Appellant waived his *Arbuckle* rights in both cases (*People v. Arbuckle* (1978) 22 Cal.3d 749) and was conditionally released to enroll in and complete a one-year treatment program at First to Serve. Appellant was ordered to return to court on August 27, 2013, for probation and sentencing. The trial court stated that if appellant successfully completed the one-year residential treatment program, it would strike the prior strike enhancements in both cases, grant three years probation in both cases, and award credit for the time appellant was in the treatment program. Appellant was warned that "[i]f you don't [complete the residential treatment program], it's an open plea, and I'm going to send you to prison."

The trial court ordered the sheriff to deliver appellant to the First to Serve drug residential treatment program but appellant was dropped off at the Homeless Health Care Center. On September 7, 2012, the trial court approved appellant's treatment at the Homeless Healthcare Center and ordered appellant to return to court on October 16, 2012.

On September 13 2012, motions were filed to revoke probation in Case Nos. BA394829 and BA399400 after appellant was charged in a third case with possession of methamphetamine (Case No. BA402534)

On September 18, 2012, appellant appeared in court and argued that he was given the opportunity to enter a residential drug treatment program. The trial court revoked probation in number BA394829 and BA399400, found that appellant abandoned

_____

[2] All statutory references are to the Penal Code unless otherwise stated.

the one-year residential drug treatment program, struck the prior strike enhancements in each case, and in each case, sentenced appellant to three years state prison and imposed and stayed the one-year enhancements on the prison prior enhancements (§ 667.5, subd. (b)).  In each case, appellant was ordered to pay a $240 restitution fine (§ 1202.4, subd. (b)), a $240 parole revocation fine  (§  1202.45), a $50 lab fee (Health & Saf. Code, § 11372.5, subd. (a)) a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment.  (Gov. Code, § 70373.)  The third case, case number BA402534, was dismissed pursuant to section 1385.

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, she filed an opening brief in which no issues were raised.

On June 4, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  On June 17, 2013, appellant filed a supplemental letter brief, stating among other things, that he was not provided the opportunity to participate in a residential treatment program and the trial court erred in revoking probation and sentencing appellant to state prison.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgments in Case Nos. BA399400 and BA394829 are affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


3

David M. Horwitz, Judge

Superior Court County of Los Angeles

_____


Marilyn Weiss Alper, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Respondent.